Case number 14-7006, Josephine McAllister et al, Appellants v. District of Columbia. Mr. Tirca for the appellants, Mr. Love for the appellee. May it please the Court, good morning, I'm Douglas Tirca. I'd like to start with a quote from page 10 of the district brief in which they give I think a good summary of the analysis a court should apply in making this decision about the compensability of Ms. Millis' time. And what the district says is that the central question under Arlington Central and the common sense is whether Ms. Millis was acting as a paralegal or as an educational consultant. And I think the key part of that analysis is how she was acting as opposed to any particular label in the district or anyone else. May I ask a question that sort of precedes it? Why was this brought as a motion for summary judgment? I didn't understand that. So this was what we tend to call a fees case or sometimes it's called a fees for fees case. The standard procedure the court employs is to decide it per summary judgment. It isn't the classic use of a summary judgment, but it is a device you would use if there is an ancillary motion and both parties agree that there's no question of fact. Yes, Your Honor. So the fact that you entitled it a summary judgment motion is simply a convenience. It is not the classic summary judgment motion. I would say both parties are saying this is a question of law and we don't have any disputed issues of fact. We're hoping that there aren't any, yes. Yes, that's both sides. So it's just a designation you use. It's a little awkwardly being tracked, but there's nothing wrong with it. Yeah, it comes from the fact that the entire action for fees for fees is judicially created. It's not within the statute. It's judicially created. You're in there just to ask for the fees as opposed to the substance of the case. So there can't be a motion. There can only be a judgment. So what's the significance? You want to go back to that quote from the district's brief. What was the significance of that to you? I'm sorry, Your Honor. I didn't hear the last part. I'm sorry. What was the significance of that quote from the district's brief to you? Why was that so important? I think it's important because the district is acknowledging that what a court should be looking at is the nature of the worker's work, her actions, and the context of that work as opposed to a particular label placed upon the worker. I agree. Okay, good. Now, what's your next step then? Where do you go from there? Where we go from there is to look at this work and what the district and the district court had to say about it. Let's start where you want to start. Let's start with how she described herself, how you described her, and what she was doing. Isn't that what you want? Sure. Well, we describe her work as work that is contributing to the work product of the attorney. And that is the phrase that is used. But that's true of any expert. I disagree. You don't? Tell me why. Because an expert is testifying in a case that is not a direct contribution to the work product. So is it your theory then that the only thing that's not compensable is an expert who testifies, but an expert who works for the lawyer can be compensated? I would say that that which cannot be compensated is, according to the dicta within Murphy, is expert testimony, preparation for expert testimony, and other work that is geared towards the expert's assistance with testimony on the case. To put it another way, I think it's easier to look at it from the other side, which is to say that which the law firm could otherwise bill for, that which the attorney could otherwise do, would be attorney work product that would be billable. And that's important in this case because the district has not identified any particular task, any element of the work, that it says could not be billed by the firm. Wait a minute. Wait a minute. The law firm could bill for an expert, too. No, they cannot. No, to its clients it could. Oh, correct. Could not get... Seek reimbursement. So instead of saying billing, I'll say that the district has not pointed out any task that is not compensable under fee shifting. Okay. So... In Ms. Millis's work. What they are trying to say is Ms. Millis has this label, this identity, therefore anything she did is non-compensable. According to the district's position, and that of the district court, if Ms. Millis were doing, you know, were doing a draft of a motion before it was later edited by an attorney, even that would not be reimbursable because she is... Can we go back? I asked you to focus on... I thought it was very productive what you said. Let's look at what she was doing. Not necessarily what the district... I didn't read the district court that way, but that's okay. Maybe I misread it. I would assume that if you had an educational expert who was a... Just like this person who was doing pure paralegal work, it would be compensable. But I just want to make sure I understand your theory of Murphy. Your theory is that the only thing that's not compensable is work related to potential actual or potential testimony by an expert. Is that your point? I would say that by the dicta of Murphy, that is non-compensable.  But is that the only thing... Anything else that wasn't contributing to the work product with that? Why would a lawyer hire anybody who wasn't contributing to the work product? Because the expert may be contributing to the win, but that's not the same as contributing to the work product. And that's why the courts have taken the position, for example, regarding privilege. That's why there is no longer a privilege regarding attorney communications with the expert. They're not a direct subordinate of the attorney. So this particular person did testify, correct, in one of your cases? She testified in four out of the 23. Now, was that time compensable? The record hasn't been developed on what the nature of her testimony was. Well, did you bill for that time? Yes. And is that included in the amount you're seeking here? Yes. Well, didn't you just tell me that Murphy says you can't get compensation for that? For expert testimony. Ms. Millis frequently testified as a fact witness. Isn't Murphy fundamentally different than your case in that there was no attorney in Murphy, right? And the Supreme Court seemed to think that was critical, that you had to put the states on notice that there might be compensation being sought. And there was no notice. The states had no way of knowing that the expert there was going to be used. Isn't that fundamentally different from your case? Yes. I think that's a huge distinction. And not only is it distinct per se, but it causes ripples. In Murphy, the Court of Appeals had already stricken all time devoted to legal work. And so that was not even at issue in Murphy. The only thing at issue was work that could in no way be called attorney's fees and was therefore under the larger part of costs that was not attorney's fees.  So I think it's completely different. I think the key distinction is whether the individual is affiliated with and acting under the direct supervision of lawyers. And what in Murphy tells you that that was significant to the court? Well, as I said, in Murphy and the Facts of Murphy, the court lays out that that part of the work that would be legal work is already off the table.  But was that legal work by the expert? Well, they call her a consultant. Later on in the dicta, they say expert and consultant. But that was work that was done by the consultant under a prior interpretation of the law that in some jurisdictions allowed non-attorneys to represent clients in these proceedings. Counsel, may I ask a question concerning the scope of the view? The question here is whether or not how you divide the expert from the paralegal. What is our scope of review of a district court's determination? Well, I would say that what is to be reviewed is what is the nature of— No, what is our scope of review? I would say that what is to be reviewed is the nature of Ms. Millicent's work, and therefore in this case— I'm asking what the scope of review is. The interpretation of Murphy and the— The district court has made a determination down below. What is our scope of review of a district court's decision? This court— Isn't it abuse of discretion? Well, it's abuse of discretion generally, except in matters of legal interpretation regarding what legal standards would apply. So with Murphy, we have a de novo review because it's the interpretation of Murphy with the question of what was the nature of Ms. Millicent's work. That's abuse of discretion. We contend that there was abuse of discretion. What's the legal error that you claim the district court had in its review of this matter? To my eye, it's a little difficult to understand the district court's full reasoning. The district court appears to do two different things. One is to do what we call an abuse of discretion, which is to explicitly presume the facts regarding Ms. Millicent's work. The district court explicitly says we presume she testified as an expert, explicitly presumes that all of her work was devoted to that. Based on that five-hour— There are two presumptions here, right? He presumed that the testimony was expert testimony, and that was five out of 180 hours, and presumed that, therefore, the other 175 hours was also as a noncommensable expert. May I finish my answer, please? Yeah, keep going. Now, if you can get around Murphy— I'm not certain you can, but if you can get around Murphy, can you get around West Virginia University hospitals versus Casey? That's a pretty strong case that says expert fees are not part of reasonable attorney fees. Non-testimonial expert fees are not part of reasonable attorney fees. Well, again, we're still talking about whether the work is expert work or paralegal work, and I think that's a fair argument that could have been made. The district didn't make that argument, so it didn't get argued out. Did Ms. Millicent have any paralegal training? Well, she had been working at this time, I guess it was about 15 years, for special education attorneys under their direct supervision. What happened in the Crawford case? The district court makes reference to the Crawford case where she was—fees for her— What was the nature of her work, or what happened more broadly? Well, I mean, you didn't succeed in getting fees for her work there. How was her work there any different than the work here? Her work there was not any different. It was just a matter of it being one case and not worth the trouble of appealing, frankly. Your concern in this case really is, as you express in the briefs, is there's an anomaly—you think it's an anomaly that a paralegal, who is really a rather pedestrian minor extension of a lawyer, can be included in costs, but the expert, who is a more high-grade person, cannot. You find that anomalous, right? Exactly. That's one of the problems. But the problem is that is exactly the line that the court has drawn. I disagree that that's the line they have drawn. I think the line that the court has drawn—because in Murphy, the court did not overrule Jenkins, and Jenkins makes very clear that non-attorneys are compensable. I don't think we can sensibly read— But those are paralegals, non-attorneys, right? Correct, but this court has also held, in the sealed case that we cited,  It's hard for me to see how a sealed case survives West Virginia University Hospitals. Maybe you can help me explain how it does, but it's hard for me to see that. I think it's a reasonable argument for the district to say, under Casey, Murphy, etc., anything that is, quote, expert work, unquote, is non-compensable. I think that is a fair argument and something that could be fairly non-purposely argued before the district court. She's not an expert here, you're saying. I'm saying that not all of her work—certainly not all of her work would go into that category. Well, let me ask you about that. That's what the district does argue, doesn't it? Isn't the district arguing that expert work is not compensable? No, they are arguing something more broad. They are saying because we can presume, like the court did, that some of her work was expert work. Again, there's nothing been pointed to in the record that was expert work. Right. But they say because we can presume that some is, we will now put the label on her, call her expert, and I will say none of her work is. Okay, but I'm just looking. I mean, I've looked at her and what she's done. Her time records are completely different from the paralegals. The paralegals' time records are all what I remember paralegals do, files, organizing things, stuff like that. Her stuff is all educational. It's reviewing neurological evaluations, auditory processing, comprehensive psychological evaluation, speech and language, attending multidisciplinary meetings, prepared to testify at a due process hearing. None of that sounds to me like paralegal work. It's important work. I agree with that. And I understand that it's critical to the lawyer's case. But given what the court said in Murphy, this sounds like expert to me. Well, let's go back to the question of whether it is contributing to the work product. As I would say, whether it's work that an attorney would have done otherwise. And that's within the ABA definition. Is it work that an attorney would do? In these cases, I myself and far less frequently paralegals have attended IEP meetings and participated in them. Certainly I have reviewed countless evaluations. I'd be surprised if these billing records did not contain those same things. You're using her to review these because of her expertise. She has value added. Otherwise you wouldn't use her. It's her expertise that – it's because of her educational expertise that leads you to want to use her to review auditory processing evaluations, for example. I mean, if you could do them, you wouldn't need her, right? Not true, because we bill her at a lower rate. And so everything that she has done, every single thing she has done with the exception of testifying, is work that I can do, that I have done, and that my bills have never been cut for doing. Every special education attorney I know does that work. So let me go back just quickly to the testimony. You said that she would be compensable if she had testified as a fact witness? I believe so, yes. So she – and that's one of the reasons. Fact witnesses are compensable? I don't know any case law either way on the subject, but I've never had that time contested. That is certainly not what a lawyer does. It is not what a lawyer does, no. But she becomes a fact witness by virtue of doing what a lawyer does. So she gets sent to a meeting or she makes a – to try to work things out outside of litigation. Often those conversations became the subject of later testimony. Problem with your case, counsel, is if you took your position, it would be impossible to implement Murphy. How so, Your Honor? I don't – You couldn't draw the line. I think the line can certainly be drawn. I think one easy line to be drawn is if the person is an outside consultant, not hired by the firm. Oh, well, how can that be the distinction? How can that be the distinction? I'm defining multiple classes, Your Honor. That would be one. I'm defining multiple classes. That would be one. That is a point you made in your brief, but I didn't think that was very persuasive. How can the determination whether someone is an expert depend on how he or she is paid, whether she's on the payroll of the firm or not? Well, the substance of Murphy, that is all it addresses. Now, the dicta of Murphy in those three paragraphs, they talk about expert more generally. And I would agree that within those dicta, that would certainly go beyond just the outside consultant issue. But my question was, what in Murphy tells you – I think it's a fine – Huh? I'm sorry, Your Honor. What in Murphy tells you that that was critical to its decision? Which, the expert? That is, that she was not employed by the firm. The expert. Well, to say it was critical – I mean, it's a fact. I agree. But what in the court's holdings suggests that it turned on that? Well, it was all they were deciding. I mean, all we can say is that what the court was deciding was the compensability of an outside consultant because they, as noted, they were – But can you point – you can't point to any language in the decision. If you can, tell me that says what's non-compensable here are experts hired – experts not hired by the law firm. They don't say that. No. Okay. So my other question, just to follow up on Judge Silberman, I mean, if you're right about that, if we were to rule that that's the distinction, then I guarantee you every law firm after that decision is going to hire the expert. So that issue's over. Every expert would then be compensable. Well, as I said, that was not – that's just one class that we would cut out on the basis of Murphy. Well, what else? To say that every firm would hire them, there's hiring, there's hiring. Ms. Millis was – Could you just focus on Judge Silberman's question, which I thought, how – let's assume you're right. Give me an example, and let's assume you're right generally but wrong about the outside hiring, okay? In other words, suppose it turns on whether the person's an expert or not. So give me an example of an expert that you concede would not be compensable. And if I can understand, you're asking if the question were to turn on whether the person was an expert or if the question were to turn on whether the work was expert work. Well, why don't you just answer – is that your answer? No. But I just want to understand the question. Because if the whole issue were to be – I just want to know how we're going to decide this case. Tell me – and don't respond by telling me what the district court said. Just tell me what – why is she an expert and what could she do that would not be expert work? Give me an example of something that she could do that would not be compensable. Oh, that would not be compensable? Yeah. As I said, testifying as an expert, without a doubt. Testifying? As an expert. Well, that's – I can give you other examples, but that would be the easiest one. That's why I asked you that question earlier. Is your point – then your answer to my first question is yes. The only thing that is uncompensable is testimony by an expert. No, Your Honor. That was one example. I can give other examples. Why would testimony by an expert be non-compensable but testimony by a fact witness compensable? Because expert – there's no notice of the availability of expert fees, which is a class of fees that have been considered by the legislature multiple times and yet not added to the statute. I mean, that is the reasoning of Murphy. Murphy reviews the record and says, yes, we understand that this was considered and some people wanted it, but Congress did not add it. To answer the question of how the court should decide the case, and the court should decide the case by ruling that what is relevant is the nature of the work, and I would say the work relationship, not some label we put on it. In other words, whether someone is, in a metaphysical sense, an expert or not, it does not mean that that same person's work would not be compensable. What do you do with Judge Tatel's line of questions that shows that from the billing records it looks like Ms. Nillis was doing something qualitatively different than what your other paralegals were doing? Well, the record is undeveloped on that. I will tell the court, and as I said, I believe in these records you will find time from me reviewing evaluations. That's almost guaranteed. It's something I do all the time. It's necessary. It's part of what I'm doing. Having Ms. Nillis do it is just an easier route. She can look at it and summarize it for me quickly. But she was doing different work than the paralegals, right? But your answer to that is she was doing work that was like what I was doing, right? She was generally, but not exclusively, doing work that was different. It's not that she never sent out a records request. She has sent them out many times to me. I don't know if it's in these records. It's not that no other paralegal ever went to an IEP meeting. And isn't there argument that the work that she was doing meets the ADA standard definition for paralegal work? Yes. It was always under direct supervision of an attorney, which is certainly a key part of that. And it was always work that would have been compensable and always has been compensable to the law firm. If you had done it. And I would be obliged to do it. I would say it would be malpractice to not show up at an IEP meeting in the middle of litigation. It would certainly be malpractice not to review the evaluations of the case. So the attorney or someone in that firm has to do it. And that's the analysis I would ask the court to adopt, to say would a solo practitioner be doing this work? If so, then it is compensable. If a solo practitioner would not, perhaps need not, then maybe it's not compensable. To get to the question of the testimony, yes, I suppose that would open up an area where fact testimony would not be compensable. It hadn't occurred to me before. The district had never challenged it. And, again, I think that's a reasonable argument. But a lot of that record about what Ms. Millis did outside of these billing records, that was never developed because the district never raised the issue about the nature of her work until the appeal. So your theory, then, is if in your law firm, this is work that you or your partners would do, if she does it, it's compensable, right? If she does it under our supervision, yes. Under your supervision. So you view her as sort of an expert paralegal. Would that be right? Yes. I view her as doing paralegal work and being more qualified than most. In your affidavit, you never refer to the word paralegal for her, but you do for all the others. Correct. The nomenclature that existed at the time that I started doing this work in 2003 is that there was a class of people who were called advocates. That word, to my knowledge, exists nowhere other than a handful of special ed firms. In fact, in the Superior Court, when they appoint an attorney to represent a child's interests, a special ed interest in a neglect case, they call that attorney an advocate. I don't know where that term came from. I believe it actually originated with a large firm that was doing this kind of work, and that's just the title they gave those people. So when I first met Ms. Millis, who had worked at that law firm at one point, she was called an advocate. That's what we called these people. And we never really thought about it. So I don't want to misrepresent anything about what we've called in the past. Titles were never a big deal at my firm. I didn't really care, but so we referred to her as an advocate. That is why I'm saying, again, we need to focus on what her work was. If it was all about the title. No, no. I thought you said we have to focus on what the work you and your partners do and to see whether that's what she's effectively. Yes. That's your standard. If she's doing what you would do, then it's compensable. Yes. So how do we know that from this record? Well, unfortunately, because the district never raised an objection to any individual item, we have not had any record development on that issue. I would say the district has waived that entire question of whether it's what we would do because they never objected to it. And also, if you were to lose this case, how would you readjust your structure to make sure you were compensated in the future for her work? I think that's an important question. And, in fact, I already have readjusted to accommodate the possible decisions like Crawford. And you can bet that whenever Ms. Millis testifies now, she identifies herself as a special education paralegal. And, I mean, you know, if that's the name that the district insists on. But you would be better off avoiding her testifying, right? Testifying as an expert? Yes. Yes, but that's, you know, I can find other experts. The other way I've adjusted, by the way. So if you described her as a paralegal and she was acting traditionally as a paralegal and she didn't assert herself as an expert, then you would be able to get compensation, right? Well, again, I don't know about the time. I mean, if you lose on this. I don't know about the time for the testimony, but for the rest of her work, yes. Yes. In her advocacy work. And that relates to the, that relates to. So this is a one-off case for $20,000. Well, it has a significant impact, actually, more on the district than on me. When the district first stopped voluntarily paying for Ms. Millis' time. That's sort of funny for counsel to say this is significant for the other side and not for me. Well, I'll explain why. In some ways it's significant for my client. When I pointed out to the district back then, I said what you're forcing me to do is to fire Ms. Millis. Because they also started saying they weren't going to pay for any paralegal time back then. You'll make me fire Ms. Millis, fire my paralegals and do all the work myself and hire attorneys. And our billable rate is much higher. So it's actually worse for the district. I think it's worse for my clients because I can do less work. You can easily adjust to this. I see. I can adjust to it in, I think, an unfortunate and inefficient way. And, as I said, already have largely. Okay. So you're way over your time. I want to be sure I understand your argument completely. Your point is that in a firm like yours, which does special ed work, you and your partners are all specialized lawyers. This is what you do. I have no more partners for the record. Pardon me? I have no more partners for the record. Okay. Well, you. If your assistants, paralegals, are doing what you would do if you were a sole practitioner, they're compensable. Correct? If they're doing under my supervision. Yes. Now, so if you hire an outside expert and that expert, and you use that expert as an expert witness, not compensable, right?  Okay. Suppose you have a particular, suppose you've gone into a particular, particularly complex area of special ed, and you decide you need internal educational expertise in understanding these reports. Not compensable, right? I'm hiring someone to do, I would say it is. I would say it is the same, it is compensable. I would say that it is the same as hiring an attorney. You know, if I suddenly started having a lot of tax cases, which I wouldn't take, I would hire somebody competent to do those tax cases. You would hire a lawyer, right? A lawyer competent to do those tax cases. Yeah, but this is not a lawyer. I'm saying suppose you get into, suppose you have a series of cases that involve a particular, suppose there's a particular type of disability, and you've got lots of those in the D.C. public schools, and it requires particular expertise in a particular diagnosis, okay? And you hire in your firm someone who has the skills in that area, trained in that area, has degrees in that area. Now, isn't that, that's work you couldn't otherwise do, right? You don't understand it. That's why you hired the person. Well, I personally couldn't. Well, that's my point. But an attorney who had developed that expertise could, and it would be compensable were that attorney to do it. In the same way, when I first started doing this work. See, this has got a real line. I hear your point. That's interesting. So the standard would evolve over time, right? In other words, if you had a firm where lawyers developed more refined expertise in a particular area, then the assistance they hire could be compensated, right? Because the lawyers could otherwise have done that work. Yes. Okay, let's, I think we should hear from the district, okay? We'll give you a few minutes. Okay. Good morning, and may it please the Court, Richard Love for the District of Columbia. I think two points, as the Court was focusing on. One, I don't think, we're not relying on labels, but on the actual tasks that were performed by Ms. Millis. And I think the distinction between whether the individual is affiliated with a part of the law firm versus someone who's independent but provides the same services that really are issued and were performed here, is a meaningless distinction. Because what Arlington or Murphy went off on was whether or not there was notice to the states that they would be responsible, if they took idea of money, for these types of costs. And it wouldn't provide any more notice to the states that they were responsible if the expert was in-house. But isn't it much different when you have an attorney? When you have an attorney present, you expect that an attorney is going to use paralegals and others to do his or her work, right? No surprise to the district there. Paralegals have been recognized as a... What is it about what Ms. Millis did that doesn't meet the definition of a paralegal under the American Bar Association standard? Well, I think Judge Tatel, when you indicated, I mean, she... Under the American Bar Association standard. She's not providing legal tasks, insofar as she is hired for and provides the expertise that she provides. Yes, anybody could read the assortment of evaluations that she does. Mr. Turcotte says that in his firm, she is. That's what they did. Because that's what he does. That's his legal practice? That's his whole legal practice. He's skilled in reading all these things, and she's just a specialized paralegal, basically. Well, I just... First of all, I think the court, the district court found that she was not a paralegal, but an educational expert. I think that's not a clueless or wrong finding. I thought you said you weren't hung up on labels. I'm not hung up on labels. When you look at the tasks that she performed and you compare that with her description of her professional experience as set forth in the resume, I think it's inescapable that she is viewing those evaluations with 40 years of special education experience that can't be compared to how a lawyer, even a lawyer who has focused on a special education practice, brings to it. She does provide value-added experience and expertise based on her professional experience doing this for 40 years. Well, in sealed case, didn't we look at facts like that and say that makes it compensable under attorney's fees? You've got a complex case. You bring in somebody who knows a lot about tax, and you educate the lawyer to do so. In sealed case, we said that's recoverable attorney's fees. Well, two things. One, you're dealing with a different statute. You're dealing with a statute that required or made compensable all the fees that were incurred as a result of the independent prosecutor's investigation that the individual wouldn't have incurred but for. And second, in a sealed case, you also had the accountant was a licensed attorney, and the court pointed to that as a distinction as well. So you think sealed case would have come out differently if the tax expert consultant was not an attorney? It may have, but as I said, I don't rely solely on that. And I think it's also a different statute. Here you have a statute where, as you pointed out, Judge Griffith, not only in Murphy but in prior cases, in Casey. I mean, the court clearly said, regardless of notice, I think, and it was dealing with 1988, not shifting the statute in idea, that there's no mention of expert witness fees, and it's not compensable. And it pointed to at least 34 other statutes that similarly... Do you think sealed case is still good law, or has Casey eviscerated it? I think that the difference in the way the statutes are framed is a reason why it probably is still good law. Okay. But I think here... You think Murphy is decisive, right? Murphy clearly is decisive, and I think that the district court did not clearly err in finding that Ms. Millis performed work as an expert. But the problem I have with saying Murphy's clearly decisive is there was no attorney. No one was seeking attorney's fees in Murphy. There was no attorney. I understand. And here we have an allegation that we have an attorney, and we have an allegation that you have someone who's helping an attorney do his work. That's just much different than what was going on in Murphy. Well, again, you get back, as you pointed out, to Casey. But I do think all of the work... I mean, the individual in Murphy wasn't licensed, but she, I believe it was she, performed expert consulting services as well as advocating in the stead of a lawyer. So many of the... I think, you know, the rubric of that argument, saying, well, that's not compensable, but, you know, is applicable here. In the work that... I mean, nothing in Ms. Millis's description of her education and experience or the tasks that are identified in the billing records, and they are starkly different, as you pointed out, Judge Tato, supports the conclusion that she was doing paralegal work. Yeah, you're totally right about that. If you look at Mr. Turker's affidavit, if you look at the billing records, if you look at her resume, it is dramatically different. I agree with that. His point is that everything she does are things that special education lawyers do. That's... What's the answer to that? The answer to that is, as I think you've pointed out, the reason why she is there, and I think it's a fair conclusion and certainly not clearly erroneous on the part of the district court, is to lend her expertise... But the district court didn't focus on this issue at all. You can't... There's nothing in the district court's decision to suggest this issue was focused on at all. Well, I think... I mean, maybe that's right, but, you know, there's no record on this at all. I mean, maybe Mr. Turker... Well, there... I understand... I don't know. Maybe... I mean, let me just ask you this. Suppose he had an affidavit in the record which identified 8 to 10 categories of special educational expertise that he as a lawyer does. Evaluating these... I've been doing this for a long time, he says. I know how to evaluate these psychological evaluations. I know what to look for. I know how to do it. These are the 10 things I do. And this is what... What's her name? Millicent? Yeah, Ms. Millis. Millis. This is what she does. Now, suppose there was that affidavit. Would you still say the position that... And her work lined up with that. Would this still be non-compensable under your view? I think under... No, under your view. Well, under my view and my understanding of Murphy, yes, it would be not compensable. I mean, there were arguments... When does it get compensable? Excuse me? When does it get compensable? Only when you have somebody who's doing copying for the attorney? That's an awfully outdated notion of what paralegals are about. No, but I think when it's specialized work utilizing someone's expertise gathered over the course of a 40-year professional career, that that is an expertise that she is applying to this case, even if it concerns evaluations that another paralegal or a law student or the lawyer himself or herself would have performed. There's nothing in the record that helps us on this, right? You're saying... You're describing it one way. Mr. Turk is describing it the other way. We have no... We have nothing in the record. I know I don't agree. I think there is... What do we have? Well, we know what tasks were performed. We know they're starkly different than the tasks the other paralegals performed. Yeah, but that's not his standard. We know... That's not the standard. We also know that we have a CV that describes her professional experience that nowhere says a word about being a paralegal. That says specifically that she... But isn't the question the relationship between her work and his work as an attorney? Isn't that the focus? That's his whole point. But an expert is always going to have some relationship to the lawyer's work, to the lawyer's case. I mean, it's impossible. I mean, they're not hiring this person because they're not bringing any value to the case. Under your theory, law firms can't really hire specialized paralegals, can they? Well, it depends what their specialty is. If their specialty is in preparing motions and conducting client interviews and doing things... Suppose it's a firm that specializes... All they do, nothing else, is just pure, certain kind of environmental case involving the Clean Water Act. That's all they do. And as a part of that, they have to review lots of meteorological and other studies about weather and everything else having to do with pollution in the waterway. That's all they do. And they have assistants who are paralegals but who go off and get special training in this area in order to be better at their job. Then they become non-compensable? Well, I think it'd be a closer call if there was a mixed... some of the work that you're describing. But I think if an individual is being hired and providing their subject matter expertise, I think, per Murphy, it's not compensable. And these arguments were, I believe, raised in that case and rejected, particularly both because the text of the statute didn't support compensation in those situations, but also because of the requirement under the spending clause for notice. So, yes, it may have some harsh repercussions, and perhaps this will result in attorneys doing work that could have been done... The paradox in this is the paradox is the more skilled the individual is, the more like an attorney the individual is, the less likely he or she can qualify as a paralegal, who is, after all, seen as only an extension of the lawyer doing routine, rather routine work, and is allowed to be compensated along with the lawyer because of the lawyer's compensation. There are all sorts of areas in law, or all sorts of areas in society, where experts often provide services similar to lawyers, but are not compensated like lawyers. That's the paradox in this case, which is the more skilled the individual is, the less likely he or she is seen as a paralegal. I understand the paradox, and I understand the... It may not make perfect sense, but that's what I get out of it. Okay. At any rate, I think, as we indicated, you know, the sense... You know, I think that the... You know, that Ms. Millis is not a paralegal is not clearly erroneous and is dispositive of the question of whether her fees are compensable, and they're not. And therefore, we'd ask this Court to affirm the district court's order, unless there's any further questions. And I would rest and rely on my brief as well. Thank you. Mr. Turkey, you're out of time, but you can take a minute. And besides, I have a question or two for you. Thank you. Would you like me to get right to the question? No, let me just ask you my question. I'm looking at my notes here to see about your brief, and they don't really answer the question. I had understood in your brief you were arguing that she was compensable because she was supervised by lawyers. Right? I think that is a key element, yes. Yeah. But I heard you here saying something different, which is that she's compensable because she's doing what you do. Actually, at every point, respectfully, at every point when that definition has been proposed, I have added on to it. In your brief? Under my supervision. What? She was doing what I would do, doing what a lawyer would do. That's what your brief says? And doing that under a lawyer's supervision. Your brief says that? I'm just asking. The part of supervision? Absolutely. No, I know about the part of supervision, but does it also say she's doing it? Oh, yes. Yes. All right. Okay. Regarding the paradox. So how come then you say that in your brief, right? Does your affidavit say that also? Does your affidavit say that she's doing work you would otherwise do? No, I don't think it phrases it that way. Yeah, I didn't think so. That was an issue that the district. Again, the reason the record is so thin on this particular matter is because the district never raised it. They focused only on labels. So the district now says it's not about labels, but in both their. . . I guess the burden's on you, right, to justify the fee, correct? Well, in the initial affidavit, so where the burden was on me. . . Yeah. We present that all of the work is work that was done pursuant to these cases and in the furtherance of the case. I don't remember the exact language. Okay, right. In its opposition and cross-motion, the district did not identify any task that it said this is no good, this is no good. Had that sort of question been raised by the district, absolutely. I see. We could have had that whole fight then, which is why I say I consider all those arguments to be reasonable, but what happened below was that they just said stick a label on her. Nothing she has done is compensable. Okay. Now you can use your minute. Thank you. Actually, I have a question. Or two minutes. I have a question. To me, your biggest obstacle is the Casey case. Because as I read Casey, it really restricts. . . I think it causes real problems for sealed case. And when you're using a non-test, at least for the non-testimonial expert, it's hard for me to see how you get out from under that. So can you help me think through how you get around or out from under West Virginia University Hospital versus Casey? I understand the question about whether a sealed case survives. And we rely less on sealed case than we do on Jenkins. I think to put Jenkins together with, Jenkins, again, which Murphy did not overrule, but to put it together with Murphy and with Casey, I think we can either take a path that says we have an absurd result in which the more qualified someone becomes, the less compensable they are. And Judge Silverman called it a paradox. I would call that unsupportable. I would call it a poor interpretation of the case law. So either we can take that route or we can more narrowly go to, is this work that the firm could be compensated for doing, that a lawyer could be compensated for doing? And I believe Judge Tittle has suggested some hypotheticals about that. But Casey, is that where Casey finished at? What did I suggest? If I may, my understanding was suggested some hypotheticals for situations in which that could exist. I would suggest one close to sealed case would say, well, if you had a firm that was doing all tax law and that firm employed accountants to help them, it's probably the case. If you had a large tax law firm, they probably had at least one CPA on staff. I propose that if there was a fee-shifting situation, that the time of that CPA would be compensable if that CPA were doing the work that the law firm had to do to make its case. And that goes back to that Jenkins language. But to make its case, did you say? Its work product, yes. As opposed to understand the case? Well, understanding and saying evaluation is, of course, part of making the case, understanding. So if I'm an attorney and I've got a case I've had no experience in this subject matter area before, I go out and hire an expert to come talk to me and teach me about it. And over a course of a week, she gets me up to speed and now I'm ready for it. That's compensable? I don't think so, but for a different reason. I would say it's not compensable because the attorney took it on a case the attorney was not qualified to take and then is actually asking for compensation for the attorney's education. That's not what we're talking about. How about another hypothetical? Suppose an organization sets itself up as advocacy. They're advocates, they're not lawyers. They do everything lawyers do in this disability area and they're experts. Can they get attorney's fees? Absolutely not, and that's well settled. That was what the circuit court had already done. Right, and they can't get attorney's fees, and yet they do exactly what you do. It's because they're not working under the supervision of attorneys, which is... No, but they can do exactly what you do. You're asking me why they're not compensable. My answer is because they're not working under the supervision of attorneys. Because the statute talks about attorneys. Because the statute talks about attorney's fees. And that was that section that was cut out by the time of... doing exactly that one. It's compensable. Well, I guess if there was an examination that determined that, in fact, it was a pretext, then it wouldn't be, but... No, no, it's not a pretext. I mean, you just look at her every couple months because she is, after all, an expert. Well, I think supervision actually requires more than that, and if the record is to be developed regarding Ms. Millis, certainly her supervision by me and by other attorneys was far, far closer.  communications immediately after the meeting, sometimes during the meeting, before and after evaluations are reviewed. So we're talking constant supervision, full-time employee, very close contact. Okay, but let me go back to your... I'm sorry, were you done with your answer? Yeah. Let me go back to where you were before with the hypothetical. So suppose a law firm is engaged in... Well, let me pick up, I think, the hypothetical that Judge Silverman started on. Suppose you're engaged in a type of litigation that's highly complex. Or maybe you did, the accountant question. Really complicated financial stuff. And you say, and the lawyers say, look, we just don't have the financial skills to understand the flow of the money inside these corporations. So you hire an inside expert to help you with that. And this inside expert is reviewing these materials you get through discovery and explaining to you, the lawyers, sort of where the money is coming from, how it's flowing, all this, okay? Now, compensable? And this is someone who is a long-term, full-time employee? This is not a one-shot? Yeah, yeah, it's a permanent. You hire the person permanently because this is the field you're in now. And you just... You're lawyers, and, I mean, you know, you can't... You need some... The other side has financial experts and CPAs, and you just need it to understand these materials so that you can prepare your case. I would say it's not compensable because in those early stages, because, again, those early stages, you have attorneys who are not actually working. They're just learning. So their whole role in the case is cut out. They're not even doing... They're not doing attorney work. If later on, the attorneys, I would hope, would naturally acquire much of that same expertise, at that point, you have a situation which is more like this one, where the CPAs, what they are doing is just a more efficient distribution of resources. They're doing the work that the attorneys could do, but they're billing at half the rate. So then, if we were to agree with that, your request for attorney fees, you need an affidavit where you would review the work that Millis did and say, this is exactly the kind of work I do, right? I do it all the time. She just makes it more efficient. That's what you would say. I think that would be an unfair burden to put on me retrospectively. No, I didn't say that. I said if we were to agree with you in this case, in the future, that's what you would do, right? Yes, and I think that would have been a legitimate dispute below. I think certainly if the district had come back and had said... Again, even in the brief before this Court, the district has not pointed out a single task that it says should not be compensable to the firm. And maybe more pertinently, they haven't pointed out a single task that had... But did you say in the district court that the work she does is the work lawyers otherwise would do? Only in the sense of referring... I mean, I had put the argument to the ABA definition and did that. I did not submit an affidavit that explicitly went into that. In my reply affidavit, I addressed her long experience working directly for a law firm for just 15 years. Do you want your one minute now? I'll try to keep to less than that if possible. You have one minute for your own time. Thank you, Your Honor. Not that it hasn't been a pleasure. To Judge Griffith's statement about... The question is when does it become compensable that the district was asked. I do think that is the key question. And I know Judge Silverman, there was a concern about how this gets applied in the future. And I think either way, the court and then the district courts will have to answer that question of when does the work of this person subordinate to an attorney... What is that window where it is compensable? We are proposing a very clear answer, and I think one that fits with what the Supreme Court has said. And that answer is if the law firm could have billed either a paralegal or a lawyer for doing it, then it is compensable. The line that the district is proposing... Frankly, I still to this point do not understand it. So I don't know how the district would go about it in the future. It seems to me that the proposal is that in the future a district court will say once a person gets educated enough, they are no longer compensable. And as I said, that leads to absurd results of firing people when they become too expert or, for example, a paralegal getting a master's and then being fired. Or coming up with a different affidavit. Coming up with a different affidavit. And a different business model, too. Okay, thank you. Thank you. Case is submitted.
judges: Tatel, Griffith, Silberman